**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4210**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - appellee,

   v.

JAKE HENRY ANDERSON,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:22-cr-00038-FDW-SCR-1)

───────────

Submitted:  June 16, 2025                       Decided:  June 25, 2025

───────────

Before THACKER, HEYTENS, and BERNER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Joseph L. Ledford, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jake Henry Anderson appeals his conviction and 300-month sentence imposed following his guilty plea to the production of child sexual abuse material, in violation of 18 U.S.C. § 2251(a), (e).  Anderson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the sentence, which was within the Sentencing Guidelines range, is substantively reasonable.  Anderson was notified of his right to file a pro se supplemental brief but has not done so.

Following a review of the record pursuant to *Anders*, we directed the parties to submit merits briefs addressing a single issue:  whether the judgment should be remanded to conform the amount of special assessments specified in the final written judgment with the orally pronounced sentence, even though the Government had not cross appealed.  In his supplemental brief, Anderson argues that this Court should not remand Anderson's case to resolve the discrepancy between the special assessment ordered in the oral pronouncement and the written judgment.  In response, the Government agrees that this Court should not remand the case because the Government did not appeal the judgment that included no special assessments, and it asserts that there is no discrepancy between the oral and written judgment because, after announcing the special assessments, the court held calculation of those assessments open for 90 days.  Finding no reversible error, we affirm.

We review a sentence for reasonableness, "applying a deferential abuse-of-discretion standard." *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (internal quotation marks omitted).  The Court first must "ensure that the district court committed

2

no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. *United States v. Banks*, 104 F.4th 496, 523 (4th Cir. 2024) (internal quotation marks omitted), *cert. denied*, No. 24-5300, 2024 WL 4427486 (U.S. Oct. 7, 2024). If we find no procedural error, we evaluate the substantive reasonableness of the sentence. *United States v. Miller*, 75 F.4th 215, 227 (4th Cir. 2023). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Id*. (internal quotation marks omitted). A sentence within a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). A defendant can rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is procedurally reasonable. The court properly calculated the Guidelines range, provided the parties an opportunity to argue for an appropriate sentence, responded to the parties' arguments, and explained its reasons for denying Anderson's variance requests and imposing the sentence. Moreover, Anderson has failed to rebut the presumption of reasonableness applied to his within-Guidelines sentence, so the sentence is presumptively substantially reasonable.

In addition, it is well settled in this Circuit that, where the oral pronouncement of sentence and the written judgment conflict, the oral pronouncement controls. *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). Courts may correct plain errors on

3

appeal not raised by defendants, but "only to benefit a defendant who had himself [sought] review on other grounds." *Greenlaw v. United States*, 554 U.S. 237, 247 (2008). *Id.* at 247. "Rather, in every case in which correction of a plain error would result in a modification of a judgment to the advantage of a party who did not seek [appellate] review," the "cross appeal rule bar[s] the correction." *Id.* Because the Government did not seek to cross-appeal the district court's final special assessment judgment, and because both parties agree remand is not warranted, we find that, to the extent there is a discrepancy between the oral and written judgments, such discrepancy does not necessitate remand.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4